UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 26-12572-RGS

STEPHEN SORENSEN, as TRUSTEE OF THE
DESKTOP LITIGATION TRUST

v.

MURCHINSON LTD.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

September 30, 2026

STEARNS, D.J.

In May of 2024, Desktop Metal, Inc., a Massachusetts-based company, entered into a merger agreement with Nano Dimension Ltd., an Israeli company, under which Nano would acquire Desktop and integrate its operations with a U.S.-based subsidiary[1] (the Merger Agreement). This action arises from the alleged bad-faith efforts of Murchinson Ltd., a Canadian hedge fund and shareholder of Nano, to torpedo that deal – efforts which delayed the merger and ultimately forced Desktop to file for bankruptcy. Plaintiff Stephen Sorensen, as Trustee of the Desktop Litigation Trust, asserts two claims against Murchinson: (1) tortious interference with

[1] Desktop was intended to be the surviving entity, and the merged company would operate out of Massachusetts.

a contract (Count I), and (2) violations of Section 11 of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 11. Murchinson moves to dismiss the case for lack of personal jurisdiction or, alternatively, to dismiss Count II as insufficiently pled. The court will allow the motion on jurisdictional grounds.

**DISCUSSION**

"It is basic law that a court must have personal jurisdiction over the parties to hear a case." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 617 (1st Cir. 2001). "In the mine-run of federal question cases, Federal Rule of Civil Procedure 4(k)(1) erects the framework for establishing personal jurisdiction by service of process." *Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 121 (1st Cir. 2022). "Under this framework, personal jurisdiction may derive either from a state long-arm statute that sets the boundaries of a state court's jurisdictional reach or from a federal statute permitting nationwide personal jurisdiction by service of process." *Id.* at 121-122.

Sorensen purports to derive personal jurisdiction from either § 3(a) or § 3(c) of the Massachusetts Long-Arm Statute, Mass. Gen. Laws ch. 223A, § 3. The court addresses each provision in turn.

Section 3(a) provides for jurisdiction over any "cause of action in law or equity arising from the person's . . . transacting any business in this commonwealth." *Id.* § 3(a). Sorensen contends that Murchinson transacted business in Massachusetts by sending a "threatening email to the CEO of a Massachusetts headquartered company directing the company to 'hold off on entering a transaction with Nano' and threatening to 'challenge any such improper deal.'" Opp'n [Dkt # 28] at 6, quoting Compl. [Dkt # 1] ¶ 39. The problem is this: He fails to connect that email (which was sent in March of 2024 and thus predates the Merger Agreement) to the claims asserted in this action (which are premised on Murchinson's efforts to delay *consummating* the Merger Agreement). In the absence of any plausible explanation for how Murchinson's transaction in this district gives rise to a tortious interference or Chapter 93A claim, § 3(a) is unavailing.

Section 3(c) provides for jurisdiction over any "cause of action in law or equity arising from the person's . . . causing tortious injury by an act or omission in this commonwealth." As discussed above, the only "act" in Massachusetts[2] – the email – predated the Merger Agreement and thus did

[2] That a single non-voting board observer attended a July 2, 2024, Nano board meeting remotely from Massachusetts does not transform Murchinson's own attendance into a contact with Massachusetts for personal jurisdiction purposes. In any event, the Merger Agreement was unanimously approved at that meeting (over Murchinson's objection).

not cause the tortious injury underlying the claims in this action. Attempting to avoid the inevitable, Sorensen argues that § 3(c) applies more broadly to conduct that, even if it did not "necessarily occur" in Massachusetts, nonetheless was "intentional, rather than negligent," and "targeted at" Massachusetts. *Doane v. Python Leads, LLC*, 2025 WL 3485569, at *3 (D. Mass. Dec. 4, 2025); *see also Novia v. Mobiz, Inc.*, 2026 WL 770036, at *4 (D. Mass. Mar. 18, 2026). But the cases upon which he relies are limited to instances of fraudulent misrepresentation. He has not identified any precedent – state or federal – for extending the principle to the tortious interference context. Given the First Circuit's own hesitation to extend the doctrine even to the more analogous defamation context, *see Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 205 (1st Cir. 1994), the court declines to trod new ground and find § 3(c) satisfied here.

**ORDER**

For the foregoing reasons, defendant's Motion to Dismiss is ALLOWED.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE